Filed 6/27/24  P. v. Lopez CA1/4
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH KENNETH LOPEZ, JR.,<br><br>    Defendant and Appellant. | A164096<br><br>(Sonoma County Super. Ct.<br>No. SCR5387451) |

**MEMORANDUM OPINION[1]**

On March 12, 2024, the California Supreme Court transferred this matter to this court with directions to vacate our decision and reconsider the cause in light of *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*).  (Cal. Rules of Court, rule 8.528(d).)  The parties have since filed supplemental briefs.  (*Id.*, rule 8.200(b).)  By separate order filed concurrently with this opinion, we have vacated our March 21, 2023 decision.

Applying *Salazar*, we again conclude it is appropriate to affirm the trial court's denial of relief at resentencing.  *Salazar* involved a significant change in the law that occurred after sentencing (*Salazar, supra,* 15 Cal.5th at

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

pp. 419, 432), so the sentencing court there could not have understood the scope of its discretion. Here, in our view, the trial court understood it had discretion to strike the Penal Code section 12022.53, subdivision (d) enhancement and impose a lesser enhancement instead. The jury made true findings as to the firearm enhancements in Penal Code section 12022.53, subdivisions (b), (c), and (d). This court's prior remand order directed the trial court to consider at resentencing whether to strike some or all of those enhancements. Lopez argued at resentencing that the court should impose a lesser enhancement as an alternative to striking the enhancements entirely. To strike the Penal Code section 12022.53, subdivision (d) enhancement and leave in place one of the lesser enhancements, the sentencing court here would not have had to decide whether it had the authority later recognized in *People v. Tirado* (2022) 12 Cal.5th 688, 692, 696–697 to impose a lesser enhancement that was not alleged or found true by the jury.

Even assuming the trial court here did not understand the full scope of its discretion, the record of the resentencing hearing provides, in our view, a clear indication that the trial court would have reached the same conclusion in any event. (See *Salazar, supra,* 15 Cal.5th at p. 425.) The court was not persuaded by Lopez's showing in mitigation, and the court explained in detail the aggravating factors it found to exist. The court's discussion provides a clear indication it would not have found it "in the interest of justice" to strike any of the enhancements. (Pen. Code, § 12022.53, subd. (h).)

Based on our consideration of *Salazar*, and for the foregoing reasons, we adhere to the disposition we reached in our March 21, 2023 decision. The trial court's order denying relief on resentencing is affirmed.

2

## DISPOSITION

Affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.